# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60718
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2017

Lyle W. Cayce
Clerk

PEJMAN NASSIRI,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 893 277

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges
PER CURIAM:[*]

Petitioner Pejman Nassiri, a native and citizen of Iran, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of his motion to reconsider his 2005 removal order. The BIA denied the motion as untimely and declined to reconsider the removal order sua sponte. Nassiri asserts that (1) his case warranted sua sponte reconsideration; (2) his statutory motion to reconsider was timely because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filing period had been equitably tolled; (3) his due process rights had been violated by a defective Notice to Appear (NTA) and removal hearing; (4) the removal order was null because the grounds for removal were ultra vires and the defective NTA deprived the immigration judge (IJ) of jurisdiction; and (5) the BIA abused its discretion by issuing a single-member summary affirmance of the IJ's decision.

We note initially that "an alien's failure to exhaust his administrative remedies serves as a jurisdictional bar to our consideration of the issue." *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001).  The BIA did not consider Nassiri's new claims on administrative appeal that:  (1) his due process rights were violated by a defective NTA and removal hearing; (2) the removal order was a nullity because the grounds for removal were ultra vires and the defective NTA deprived the IJ of jurisdiction; and (3) equitable tolling was justified by the exceptional circumstance that, six years after his removal, the BIA issued a decision rejecting the statutory interpretation that had rendered him removable.  We lack jurisdiction to consider these claims because they are administratively unexhausted.  *See Eduard v. Ashcroft*, 379 F.3d 182, 195 & n.14 (5th Cir. 2004); *cf. Lopez-Dubon v. Holder*, 609 F.3d 642, 644-45 (5th Cir. 2010).

"An alien seeking to reopen his removal proceedings has two options: (1) he can invoke the court's regulatory power to sua sponte reopen proceedings under either 8 C.F.R. § 1003.23(b) or 8 C.F.R. § 1003.2(a); or (2) he can invoke his statutory right to reopen proceedings under 8 U.S.C. § 1229a(c)(7)." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340-41 (5th Cir. 2016) (internal footnote omitted).  Here, Nassiri unsuccessfully requested both types of relief.

An IJ and the BIA have complete discretion to refuse to exercise their regulatory power to sua sponte reopen or reconsider a removal order. *See*

No. 16-60718

*Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017).  We therefore lack jurisdiction to consider the BIA's refusal to exercise its regulatory power to reconsider or reopen Nassiri's removal order sua sponte.  *See id.*

We do have jurisdiction to review the denial of a statutory motion to reopen or reconsider a removal order, even when the denial was based on untimeliness.  *See Mata v. Lynch*, 135 S. Ct. 2150, 2154-55 (2015).  We have held that statutory motions to reopen are subject to equitable tolling, *see Lugo-Resendez*, 831 F.3d at 344, and Nassiri asserts that equitable tolling principles likewise apply to statutory motions to reconsider.  Even if Nassiri is correct in that regard, there is no merit to his equitable tolling contention based on the government's alleged misfeasance in omitting from the NTA his date of admission into the United States.  Nassiri has offered no legal support for his insistence that such an omission constitutes misfeasance or an error of any kind.  *See* 8 C.F.R. § 1003.15(b)-(c); 8 U.S.C. § 1229(a)(1).

Neither is there merit to Nassiri's equitable tolling argument based on his reasonable diligence in promptly filing his motion for reconsideration once he discovered that he had putatively been removed illegally. Nassiri's argument requires that the filing period was equitably tolled, first during the ten years following his removal during which he was statutorily inadmissible and then until his counsel advised him that his removal was unlawful.  Even if those assertions are accepted for the sake of argument, Nassiri has failed to allege the specifics of a timeline that would render his motion to reconsider or reopen timely.  *See Gonzalez-Cantu*, 866 F.3d at 305 & n.2.

Nassiri's affidavit states that he requested his family's assistance in obtaining legal counsel at some point during December 2015, but he does not identify the date on which he discovered that he had allegedly been deported illegally.  Logic dictates that such discovery must have occurred before January

29, 2016, when counsel enrolled on Nassiri's behalf and informed the government that his deportation was unlawful. Nassiri's motion for reconsideration was not filed until April 14, 2016, so it was clearly not filed within thirty days following his discovery and thus was untimely under the filing period for reconsideration motions. *See* § 1229a(c)(6)(B). Even if considered a motion to reopen subject to a 90-day deadline, Nassiri's motion would be timely only if he did not discover that his deportation was unlawful until January 15, 2016. *See* § 1229a(c)(7)(C)(i). Nassiri has not identified any specific discovery date, so he has failed to provide the necessary factual support to prove his assertion that his motion to reopen was timely because the filing period had been equitably tolled until he discovered that his deportation was unlawful. *See Gonzalez-Cantu*, 866 F.3d at 305.

Finally, there is no merit to Nassiri's claim that the BIA abused its discretion by issuing a single-member summary affirmance. *See Eduard*, 379 F.3d at 195 n.15.

Nassiri's petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.