# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60449
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 27, 2018

Lyle W. Cayce
Clerk

MARIA REYES LOPEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 585 760

Before REAVLEY, GRAVES, and HO, Circuit Judges.
PER CURIAM:*

Maria Reyes Lopez, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal of the Immigration Judge's denial of her motion to reopen her February 12, 1996 *in absentia* deportation order. Reyes Lopez argues that she was entitled to reopen her deportation order because she did not receive proper notice of the deportation hearing; her motion to reopen based on the exceptional

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

circumstance of ineffective assistance of counsel was timely based upon the application of equitable tolling principles; and the BIA should have exercised its sua sponte authority to reopen her deportation order.

We lack jurisdiction to consider the BIA's refusal to reopen Reyes Lopez's removal order sua sponte. *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 677 (2018).[1] We do possess jurisdiction to review the denial of a statutory motion to reopen a deportation order, *Mata v. Lynch*, 135 S. Ct. 2150, 2154-55 (2015), but we review the denial of such a motion under "a highly deferential abuse-of-discretion standard," *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (internal quotation marks and citation omitted). We will not reverse the BIA's factual determinations "unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

The BIA did not abuse its discretion by denying Reyes Lopez's statutory motion to reopen based on her alleged lack of notice regarding her deportation hearing because notifying her counsel sufficed. *Rodriguez-Manzano v. Holder*, 666 F.3d 948, 953 & n.6 (5th Cir. 2012); *see* 8 U.S.C. § 1252b(a)(2)(A)(i) (1994). Neither did the BIA abuse its discretion in denying Reyes Lopez's statutory motion to reopen based on the alleged exceptional circumstance that her attorney rendered ineffective assistance by failing to inform her of the deportation hearing. *See Barrios-Cantarero*, 772 F.3d at 1021. Reyes Lopez missed the 180-day deadline for filing a motion to reopen alleging exceptional circumstances, § 1252b(c)(3)(A), and the evidence does not compel reversal of the BIA's determination that she failed to pursue her rights diligently for

---

[1] While *Gonzalez-Cantu*, 866 F.3d at 304, cites the current statutory provisions regarding removal proceedings, we must apply former 8 U.S.C. § 1252b, which was in effect when Reyes Lopez's deportation proceedings were initiated in 1995. *See Ojera-Calderon v. Holder*, 726 F.3d 669, 673 (5th Cir. 2013).

equitable tolling purposes, *see Gomez-Palacios*, 560 F.3d at 358; *see also Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016).

For the foregoing reasons, Reyes Lopez's petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.