# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60697

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2017

Lyle W. Cayce
Clerk

ANGELICA GONZALEZ-CANTU,

Petitioner,

versus

JEFFERSON B. SESSIONS, III, U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Angelica Gonzalez-Cantu was removed from the United States in 2000 and filed a motion to reopen the removal proceeding in 2015. The immigration judge ("IJ") denied the motion as untimely, and the Board of Immigration Appeals ("BIA") dismissed Gonzalez-Cantu's appeal. She petitions for review of the BIA's denial, contending that the limitations period should have been equitably tolled. Because she has not met her burden to show that she is

No. 15-60697

entitled to equitable tolling, we deny the petition.

## I.

Gonzalez-Cantu, a native and citizen of Mexico, was admitted as a lawful permanent resident in 1992. In 2000, she was convicted in state court of driving while intoxicated ("DWI"). Shortly thereafter, she was served with a notice to appear charging her as removable under 8 U.S.C. § 1227(a)(2)(A)(iii), because she was an alien convicted of an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(F), namely, a "crime of violence" ("COV"). The IJ ordered Gonzalez-Cantu removed, and she alleges that she returned to Mexico.

In March 2015, Gonzalez-Cantu filed a motion to reopen her removal proceedings. *See* 8 U.S.C. § 1229a(c)(7)(A). She contended that the removal order was no longer valid in light of *United States v. Chapa-Garza*, 243 F.3d 921, 928 (5th Cir. 2001), which held that Texas DWI is not a COV and thus not an aggravated felony. Gonzalez-Cantu acknowledged that her motion was outside the 90-day statute of limitations, *see* 8 U.S.C. § 1229a(c)(7)(C), but she asserted that she had been precluded from filing a motion until 2012 because of the "departure bar," which prohibits an IJ from considering motions to reopen from removed aliens who have already departed. *See* 8 C.F.R. § 1003.23(b)(1). She pointed to *Garcia-Carias v. Holder*, 697 F.3d 257, 263 (5th Cir. 2012), in which this court, reversing the BIA, held that aliens have "a right to file a motion to reopen [under 8 U.S.C. § 1229a] regardless of whether they have left the United States." Gonzalez-Cantu maintained that limitations should have been equitably tolled until she discovered *Garcia-Carias* and that her motion was thus timely. In the alternative, she requested that the IJ reopen her case *sua sponte*. Finally, she averred that her removal resulted in a "gross miscarriage of justice" that warranted reopening.

The IJ denied the motion as untimely, concluding that equitable tolling

No. 15-60697

was inappropriate given that Gonzalez-Cantu had "failed to explain why she did not file her motion to reopen until several years after the legal changes invoked by her took effect." The IJ also declined to reopen *sua sponte*. Gonzalez-Cantu appealed to the BIA.

The BIA dismissed the appeal, concluding that even if equitable tolling applied to motions to reopen, she had failed to show diligence in filing her motion. The BIA also concluded that the IJ did not abuse his discretion in declining to reopen *sua sponte* and that Gonzalez-Cantu's removal was not a gross miscarriage of justice because the removal order was valid at the time it was entered and executed.

II.

"An alien seeking to reopen his removal proceedings has two options: (1) he can invoke the court's regulatory power to *sua sponte* reopen proceedings under either 8 C.F.R. § 1003.23(b) or 8 C.F.R. § 1003.2(a); or (2) he can invoke his statutory right to reopen proceedings under 8 U.S.C. § 1229a(c)(7)." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340–41 (5th Cir. 2016). "The Immigration Court's regulatory authority is governed by § 1003.23(b) while the BIA's regulatory authority is governed by § 1003.2(a)." *Id.* at 341 n.9. Gonzalez-Cantu requested both forms of relief. We address the denial of the statutory request in this section and the denial of the regulatory request in the next.

"In reviewing the denial of a motion to reopen, this court applies a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009) (citation omitted). We "must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (citation omitted). Additionally, "motions to reopen deportation proceedings

No. 15-60697

are 'disfavored,' and the moving party bears a 'heavy burden.'"[1]

A statutory motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal," subject to exceptions not relevant here.   8 U.S.C. § 1229a(c)(7)(C)(i).   Gonzalez-Cantu concedes that her motion, which she filed more than fourteen years after her removal order became final, was untimely under the terms of the statute.  But she contends that the BIA should have equitably tolled the limitations period.

Motions to reopen under § 1229a are subject to equitable tolling.  *Lugo–Resendez*, 831 F.3d at 343–44.  The BIA must apply the same tolling standard that we use in other contexts.  *Id.* at 344.  Under that standard, "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* (quotation marks and citations omitted).

Gonzalez-Cantu has not shown that she is entitled to equitable tolling. She reprises the tolling argument she made to the BIA: that the departure bar would have prevented her from filing a motion to reopen before we decided *Garcia-Carias* in September 2012 and that tolling should thus apply until she discovered *Garcia-Carias*.  But even assuming, for the sake of argument, that equitable tolling might be available until her discovery of *Garcia-Carias*, she has failed to provide any facts to support such a theory.[2]  The only evidence she presents is a sworn statement, in which she says that she "recently found out that a case was released, that would give [her] the ability to return to the

---

[1] *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549–50 (5th Cir. 2006) (per curiam) (quoting *INS v. Abudu*, 485 U.S. 94, 107–08 (1988)).

[2] *See Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) ("The party who invokes equitable tolling bears the burden of proof."); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam) (same).

No. 15-60697

United States . . . ." But she does not specify *when* she learned of the case, a question of crucial importance when determining timeliness.[3]

Because Gonzalez-Cantu filed her motion to reopen on March 18, 2015, she needs to show that she discovered *Garcia-Carias* no more than 90 days before that date, given that her lack of knowledge of that case was the circumstance that supposedly tolled the limitations period. Yet her sworn statement, executed on January 5, 2015, says only that she learned of the case "recently." "Recently" could mean several weeks before or several months before, either of which defeats her tolling claim. Indeed, at one point in her motion to reopen, she said she learned of *Garcia-Carias* on October 10, 2014, and the IJ concluded, based on that date, that her motion was untimely. Although Gonzalez-Cantu claims that the October date was a "typographical error," it further shows that she has failed to establish when she actually learned of the case. Thus, Gonzalez-Cantu has not met her burden to show that equitable tolling applies, and the BIA did not abuse its discretion in finding that her motion reopen was untimely.[4]

III.

Gonzalez-Cantu contends that the BIA abused its discretion by refusing to exercise its regulatory power to reopen her case *sua sponte*.[5] But "because this provision gives an IJ or the BIA complete discretion to deny untimely motions to reopen, the reviewing court has no legal standard by which to judge

---

[3] In her briefs, Gonzalez-Cantu states that the "case" is *Garcia-Carias*. We accept that understanding of her sworn statement.

[4] In addition, Gonzalez-Cantu has not explained how she learned of *Garcia-Carias*, what efforts she took to discover it, or why it took almost three years to do so. Those facts are relevant to assessing her diligence, but we need not address them because her failure to establish when she learned of the case is fatal to her claim.

[5] *See* 8 C.F.R. § 1003.2 ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision.").

No. 15-60697

the IJ's ruling, and therefore the court lacks jurisdiction."[6]  Thus, we cannot consider the BIA's or the IJ's refusal to reopen *sua sponte*.

## IV.

Separately from her arguments on tolling, Gonzalez-Cantu asserts that her motion to reopen should be permitted because her removal proceeding was a "gross miscarriage of justice."  But the precedents she relies on are not on point.  We have discussed the standard in two somewhat related contexts: habeas corpus petitions that collaterally attack removal orders[7] and reinstatement proceedings.[8]  In each context, a statute withheld jurisdiction to review the validity of the removal order, but we said review was available if a "gross miscarriage of justice" had occurred.[9]  Gonzalez-Cantu does not explain how those precedents can be applied to overcome an untimely petition.

Even assuming that a "gross miscarriage of justice" would empower this court to grant her petition, Gonzalez-Cantu has not met that bar.  The Attorney General notes that, although we have not expressly defined the standard for gross-miscarriage-of-justice claims, we have looked, *arguendo*, to an out-of-circuit test: "[whether] the removal order the petitioner collaterally challenges was clearly unlawful under the law that existed at the time of the original removal proceeding."[10]  Gonzalez-Cantu's removal proceedings do not satisfy

---

[6] *Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008) (citing *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249–50 (5th Cir. 2004)), *overruled on other grounds by Mata v. Lynch*, 135 S. Ct. 2150, 2155−56 (2015).  In *Mata*, the Court did not touch the determination in *Ramos-Bonilla* that "complete discretion" precludes reversal on appeal.

[7] *E.g.*, *Lara v. Trominski*, 216 F.3d 487, 491 (5th Cir. 2000); *United States ex rel. Steffner v. Carmichael*, 183 F.2d 19, 19 (5th Cir. 1950).

[8] *E.g.*, *Ibarra-Leyva v. Johnson*, 623 F. App'x 163, 166 (5th Cir. 2015) (per curiam).

[9] *See Lara*, 216 F.3d at 491–92; *Ibarra-Leyva*, 623 F. App'x at 166–67 & n.8.

[10] *See Ibarra-Leyva*, 623 F. App'x at 166–67 (citing *Debeato v. Att'y Gen. of U.S.*, 505 F.3d 231, 236 (3d Cir. 2007); *Arreola–Arreola v. Ashcroft*, 383 F.3d 956, 958 (9th Cir. 2004),

that test. At the time of those proceedings, BIA precedent held that Texas DWI was an aggravated felony.[11] Moreover, this court had reached the same conclusion in 1999.[12] Although that opinion was withdrawn, on other grounds, several months before the IJ issued Gonzalez-Cantu's removal order in 2000,[13] it demonstrates that the order was hardly "clearly unlawful." Thus, the BIA did not err in finding that the removal order was not a "gross miscarriage of justice."

The petition for review is DENIED.

---

abrogated on other grounds by *Morales–Izquierdo v. Gonzales*, 486 F.3d 484 (9th Cir. 2007); *Robledo–Gonzales v. Ashcroft*, 342 F.3d 667, 682 n.13 (7th Cir. 2003); *In re Malone*, 11 I. & N. Dec. 730, 731–32 (BIA 1966)).

[11] *In Re Puente-Salazar*, 22 I. & N. Dec. 1006, 1014 (BIA 1999) ("[W]e find no error in the Immigration Judge's determination that a crime of [Texas DWI] . . . is an aggravated felony."), overruled by *In Re Ramos*, 23 I. & N. Dec. 336, 346 (BIA 2002) (en banc).

[12] *Camacho-Marroquin v. INS*, 188 F.3d 649, 651–52 (5th Cir. 1999), opinion withdrawn, reh'g dismissed, 222 F.3d 1040 (5th Cir. 2000).

[13] *See Camacho-Marroquin v. INS*, 222 F.3d 1040 (5th Cir. 2000).