# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60522
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2017

Lyle W. Cayce
Clerk

CARLOS JOEL PERALTA-BACA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 742 006

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Carlos Joel Peralta-Baca seeks review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of a motion to reopen removal proceedings. Peralta-Baca entered the United States without authorization in February 2004. He was personally served with a Notice to Appear advising him that if he did not attend a removal hearing to be held in June 2004, a removal order could be entered and he could be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60522

deported. When he did not attend that June 2004 hearing, he was ordered, *in absentia* to be removed. He was found and deported in 2007, but he returned to the United States illegally a few months later. He later married a United States citizen, and in 2015 he moved to reopen the removal proceedings. The immigration judge (IJ) denied the motion, in part because it was untimely by many years. The BIA dismissed Peralta-Baca's appeal from that denial.

Peralta-Baca's contention that the IJ and BIA failed to consider his claim of inadequate written notice lacks arguable merit. It is undisputed that Peralta-Baca received actual, personal notice. He does not explain what more consideration was due, and personal service was adequate. *See* 8 U.S.C. § 1229(a)(1) (providing for service by mail "if personal service is not practicable").

In addition, Peralta-Baca contends that he was entitled to equitable tolling of the applicable 180-day limitation period for filing a motion to reopen. He failed to show that his reliance on a non-lawyer's promise to help him obtain a change of venue constituted exceptional circumstances. Moreover, he failed to show diligence because he failed to move to reopen until the passage of more than 10 years from the date of the removal order and seven years from his actual removal. While equitable tolling is available, in this case it is unwarranted. *See Lugo-Resendez v. Lynch,* 831 F.3d 337, 344-45 (5th Cir. 2016).

Finally, we lack jurisdiction to review the decision not to reopen removal proceedings sua sponte. Because an IJ or the BIA has complete discretion in this regard, we have no legal standard by which to judge the decision. *See Gonzalez-Cantu v. Sessions,* 866 F.3d 302, 306 & n.6 (5th Cir. 2017).

The petition for review is DENIED.