# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2018

Lyle W. Cayce
Clerk

No. 16-60689
c/w No. 17-60363
Summary Calendar

IMELDA MARISCAL-ROMO; JESUS ARTURO JIMENEZ-MANJARREZ,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 831 093
BIA No. A205 667 680

Before BARKSDALE, OWEN, and WILLETT, Circuit Judges.

PER CURIAM:[*]

In these consolidated cases, married couple Imelda Mariscal-Romo and Jesus Arturo Jimenez-Manjarrez, natives and citizens of Mexico, petition for review of: the Board of Immigration Appeals' (BIA) dismissal of their appeal from the immigration judge's (IJ) denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

(CAT); and the BIA's denial of their motion to reopen the proceedings pursuant to 8 C.F.R. § 1003.2(c)(1).

In their applications for asylum and withholding of removal, Mariscal and Jimenez claimed they suffered past persecution and had a well-founded fear of persecution due to their membership in the Mariscal family. In that regard, they sought relief based on their fear of being persecuted and tortured in their home country of Mexico. Before the IJ, Mariscal testified that she and her family fled Mexico in 2012, after unknown assailants kidnapped and murdered her brother, assaulted her mother, and made threatening telephone calls to her family. She also testified that her father, grandfather, and uncle were murdered by a rival family more than two decades earlier.

The BIA dismissed Mariscal and Jimenez' appeal from an adverse IJ decision, ruling, *inter alia*: they did not establish, for their asylum and withholding-of-removal claims, a well-founded fear of persecution because of their "membership in a particular social group", 8 U.S.C. § 1158(b)(1)(B)(i); and, for their CAT claims, that the Mexican government was complicit in their torture, *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006). Mariscal and Jimenez assert, *inter alia*: the BIA improperly focused on a single incident—Mariscal's brother's murder—instead of viewing all of the events supporting their claims; and the record evidence compelled a finding that Mexican authorities deliberately failed to protect their family.

"When considering a petition for review, this court has the authority to review only the BIA's decision, not the IJ's . . ., unless the IJ's . . . has some impact on the BIA's . . . ." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Factual findings are reviewed under the substantial evidence standard; legal questions, *de novo*, giving deference to the BIA's interpretation of any

ambiguous immigration statutes. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012).

Under the substantial evidence standard, we may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it". *Wang*, 569 F.3d at 537; 8 U.S.C. § 1252(b)(4)(B). Mariscal and Jimenez have the burden to demonstrate the evidence compels a contrary conclusion. *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

To prevail in their application for asylum, Mariscal and Jimenez "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for [their] persecuti[on]". 8 U.S.C. § 1158(b)(1)(B)(i). The BIA assumed the Mariscal family constituted a "particular social group" for purposes of immigration relief, but determined Mariscal and Jimenez failed to establish "they were persecuted, or may be persecuted, on account of their family membership". To prove the required nexus between the alleged persecution and one of the five statutory grounds for asylum, they were required to at least present some direct or circumstantial evidence of their persecutors' motives. *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *Tamara-Gomez*, 447 F.3d at 348–49. Although Mariscal testified her brother's kidnapping and murder in 2012 was related to the murders of her father, grandfather, and uncle, she did not provide an adequate basis for linking the 2012 incident with the three murders two decades earlier. Along that line, she concedes she does not know the "exact motives of her persecutors".

Still more reasons support the BIA's decision, precluding reversal under the substantial-evidence standard: this court has held "economic extortion", such as occurred when Mariscal's brother's kidnappers demanded ransom from

Mariscal and Jimenez, is not "a form of persecution under immigration law". *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012). Further, "[a]n applicant [for asylum] does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality". 8 C.F.R. § 1208.13(b)(2)(ii). Substantial evidence supports the BIA's determination they did not meet their burden of showing they could not safely relocate within Mexico. *Id.*

Concomitantly, because Mariscal and Jimenez did not overcome their burden as to their application for asylum based on a well-founded fear of persecution, they also could not meet the higher standard for withholding of removal. 8 U.S.C. § 1231(b)(3)(A) ("Attorney General may not remove an alien . . . [if] the alien's life or freedom would be threatened . . . *because of* the alien's . . . membership in a particular social group" (emphasis added)); *Eduard v. Ashcroft*, 379 F.3d 182, 186 n.2 (5th Cir. 2004) ("Withholding of removal requires a higher standard of proof than asylum.").

As for the Mariscal and Jimenez' CAT application, such relief requires proof of "the higher bar of torture", *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002); does not require a nexus between the torture and one of the five protected grounds (such as membership in a protected group), *id.*; but does require the torture be "inflicted by or at the instigation of or with the consent or acquiescence of a public official". 8 C.F.R. § 208.18(a)(1).

The BIA agreed with the IJ's finding Mariscal and Jimenez did not present evidence to support their claim the Mexican government had been willfully blind to their safety. In contrast, Mariscal and Jimenez concede Mexican authorities conducted an investigation into Mariscal's brother's kidnapping and murder, but they contend the authorities did not act diligently in that investigation and lacked concern for their family's safety. Mariscal and

Jimenez' contentions are insufficient to demonstrate the BIA's decision in this regard was not supported by substantial evidence. *Wang*, 569 F.3d at 537.

Turning to their petition for review from the denial of their motion to reopen, Mariscal and Jimenez moved to reopen the proceedings on the grounds that, after the BIA's dismissal of their appeal, two of Mariscal's cousins were killed by an armed group of assailants in Mexico. In support of their motion, they submitted: the two cousins' death certificates; a news article referencing their deaths; older death certificates for Mariscal's brother, father, and seven other cousins; and Mariscal's affidavit stating her belief that her two cousins' recent murders were related to those of her other family members.

To justify reopening of removal proceedings based on newly-discovered evidence, the new facts must be "material" and "could not have been discovered or presented at the former hearing". 8 C.F.R. § 1003.2(c)(1). Understandably, the BIA's denial of a motion to reopen is reviewed under a "highly deferential abuse-of-discretion standard". *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 677 (2018). We will "affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). In short, motions to reopen are disfavored, and movants must satisfy a heavy burden. *Gonzalez-Cantu*, 866 F.3d at 305.

Mariscal and Jimenez assert the BIA abused its discretion by: disregarding the new death certificates by grouping them with the older death certificates, in ruling the older death certificates "could . . . have been discovered or presented at the former hearing", 8 C.F.R. § 1003.2(c)(1); and failing to recognize the new evidence demonstrated a pattern of persecution suffered by the Mariscal family. The BIA properly differentiated between the

newly-discovered evidence regarding the two cousins' recent murders and the older death certificates, which did not qualify as new evidence that would justify reopening proceedings under 8 C.F.R. § 1003.2(c)(1). As found by the BIA under the proper materiality analysis, the new death certificates, the news article, and Mariscal's affidavit did not provide a sufficient basis for linking Mariscal's cousins' deaths to those of Mariscal's other family members. The BIA did not abuse its discretion by denying the motion to reopen. *Gonzalez-Cantu*, 866 F.3d at 304–05.

DENIED.