# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60632
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2018

Lyle W. Cayce
Clerk

XIU HUA REN,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095 455 446

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Xiu Hua Ren, a native and citizen of the People's Republic of China, was removed from the United States in 2003, returned in 2008, and obtained withholding of removal. After she married and obtained derivative asylee status through her husband, she filed a motion to reopen her removal proceedings on that basis. An Immigration Judge (IJ) denied her motion as untimely, and the Board of Immigration Appeals (BIA) dismissed her appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60632

Ren now petitions for review of the BIA's decision. "In reviewing the denial of a motion to reopen, this court applies a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief." *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304 (5th Cir. 2017) (internal quotation marks and citation omitted), *cert. denied*, 138 S. Ct. 677 (2018).

First, Ren's arguments regarding purported errors in the IJ's decision are misplaced because, under these circumstances, we review only the BIA's decision. *See Marques v. Lynch*, 834 F.3d 549, 552-53 (5th Cir. 2016). Second, by failing to cite any authority in support or to explain her argument that the purpose of her motion to reopen made time limitations inapplicable, Ren has forfeited that argument. *See Penalva v. Sessions*, 884 F.3d 521, 526 n.3 (5th Cir. 2018). Third, this court lacks jurisdiction to review Ren's argument that the BIA erred when it declined to exercise its discretion to *sua sponte* reopen her removal proceedings. *See Gonzalez-Cantu*, 866 F.3d at 306.

Accordingly, the petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.