# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2020

No. 18-60721
Summary Calendar

Lyle W. Cayce
Clerk

ARTEMIO SOLIS RIVERA,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A034 685 712

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Artemio Solis Rivera, a native and citizen of Mexico, entered the United States in 1974 as a permanent resident. He was removed in 2002 after being convicted of a controlled-substance violation. He petitions this court for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's denial of the motion to reopen his removal proceedings.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60721

Rivera had filed the motion so he could apply for a waiver of inadmissibility under former Section 212(c) of the Immigration and Nationality Act.

Our review of a denial of a motion to reopen uses a "highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). A motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal," subject to exceptions not relevant here. 8 U.S.C. § 1229a(c)(7)(C)(i). Motions to reopen under that Section are subject to equitable tolling. *Lugo-Resendez v. Lynch*, 831 F.3d 337, 343–44 (5th Cir. 2016). There are two requirements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 344 (quotation marks and citation omitted).

Rivera's reliance on *Gonzalez-Cantu v. Sessions*, 866 F.3d 302 (5th Cir. 2017), is misplaced. Our decision there turned on the petitioner's failure to provide facts supporting her theory of relief. *Id.* at 305. Rivera cites no other authority to support that diligence is evaluated from the time of actual discovery of a basis for challenging a removal order. As the BIA found, Solis Rivera failed to provide any explanation for the 15-year delay in pursuing his rights. The BIA did not abuse its discretion in determining that Solis Rivera's motion to reopen was untimely. *See id.*

Solis Rivera also challenges the BIA's affirmance of the immigration judge's decision not to reopen removal proceedings *sua sponte*. That authority to reopen is entirely discretionary, leaving us no jurisdiction to review a refusal to do so. *See id.* at 306.

The petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.