# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60818
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2020

Lyle W. Cayce
Clerk

SMIT PATEL,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 296 740

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Smit Patel, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal of an Immigration Judge's (IJ) denying his motion to reopen immigration proceedings. He claims: the IJ and the BIA acted arbitrarily and capriciously by refusing to reopen his immigration proceedings *sua sponte*; and these refusals are reviewable because they were based on determinations that the IJ and BIA lacked jurisdiction over

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

his pending U-visa petition (nonimmigrant visa for victims of certain crimes, committed in the United States, who have suffered mental or physical abuse and are helpful to investigation or prosecution of criminal activity, *see* 8 U.S.C. § 1101(a)(15)(U)).

Where, as in this instance, the BIA's decision relies on reasoning provided in the IJ's decision, both are reviewed. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007) (citation omitted). Questions of law are reviewed *de novo*; factual findings, for substantial evidence. *Id.* at 594 (citation omitted).

In 2011, Patel was ordered removed *in absentia*. His 2018 motion to reopen his case requested the IJ do so *sua sponte* and administratively close removal proceedings against him, pending the United States Citizenship and Immigration Services' (USCIS) decision on his U-visa petition.

An IJ may, at any time, *sua sponte* reopen removal proceedings in which the IJ has rendered a decision. *See* 8 C.F.R. § 1003.23(b)(1). Whether to do so is within the IJ's "complete discretion". *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017) (citation omitted) (noting provision gives BIA same complete discretion), *cert. denied*, 138 S. Ct. 677 (2018). Because there is no legal standard governing the IJ's exercise of this discretion, our court lacks jurisdiction to review challenges to the refusal to reopen proceedings *sua sponte*. *Id.* (citation omitted).

Our court has jurisdiction to review the decision that a "legal barrier" prevents the exercise of this discretion, *Rodriguez-Saragosa v. Sessions*, 904 F.3d 349, 355 (5th Cir. 2018); but, contrary to Patel's claims, no such barrier existed in this instance. The IJ and BIA noted USCIS has sole jurisdiction over U-visa applications; they did not conclude, however, that this barred their exercising discretion to reopen Patel's immigration proceedings *sua sponte*. Both instead considered whether reopening *sua sponte* was warranted, and

No. 18-60818

concluded it was not. In short, our court lacks jurisdiction to review this decision. *See Gonzalez-Cantu*, 866 F.3d at 306 (citation omitted).

DISMISSED.