# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60897
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2020

Lyle W. Cayce
Clerk

SEUDAT BINDNARINE,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 953 476

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Seudat Bindnarine is a native and citizen of Guyana. He petitions for review of the denial by the Board of Immigration Appeals (BIA) of his motion to reopen and terminate his removal proceedings for lack of jurisdiction.

Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Bindnarine contends that his notice to appear (NTA) was defective and consequently deprived the immigration court of jurisdiction because it did not state the date

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60897

and time of his removal proceedings.  This court has already rejected this jurisdictional challenge and concluded that *Pereira* is limited to the context of the stop-time rule in removal proceedings.  *See Pierre-Paul v. Barr*, 930 F.3d 684, 689-90 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779); *see also Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 n.1 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2767 (2019).  Bindnarine's NTA was not defective, because it detailed the nature of the removal proceedings, stated their legal basis, and warned about the possibility of in absentia removal; moreover, any alleged defect would have been cured because Bindnarine was issued a later notice of hearing that included the date and time of his removal proceedings.  *See Pierre-Paul*, 930 F.3d at 690-91.  We need not decide whether *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441 (BIA 2018), is entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), or *Auer v. Robbins*, 519 U.S. 452 (1997), because, in decisions such as *Mauricio-Benitez* and *Pierre-Paul*, this court reached essentially the same conclusion as the BIA regarding the limited reach of *Pereira* without applying *Chevron* or *Auer* deference.  *See Bustamante-Barrera v. Gonzales*, 447 F.3d 388, 394 (5th Cir. 2006).  Bindnarine thus fails to show that the BIA committed legal error in denying his motion to reopen based on *Pereira*.  *See Ka Fung Chan v. INS*, 634 F.2d 248, 252 (5th Cir. 1981).

We are without jurisdiction to adjudicate Bindnarine's claim that the BIA should have exercised its discretionary authority to reopen the proceedings sua sponte.  *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017).  We need not reach the number-bar issue, including whether that issue is exhausted, because our conclusion that the BIA did not commit any legal error in denying the motion to reopen moots the number-bar issue.

DISMISSED IN PART AND DENIED IN PART.