# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 4, 2020

Lyle W. Cayce
Clerk

No. 19-60418
Summary Calendar

Mario Antonio Estrada-Hernandez,

*Petitioner*,

*versus*

William P. Barr, U. S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 929 737

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Mario Antonio Estrada-Hernandez, a native and citizen of Honduras, petitions for review of the denial by the Board of Immigration Appeals (BIA) of his motion to reopen. Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Estrada-Hernandez argues that his notice to appear (NTA) was defective and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

consequently deprived the immigration court of jurisdiction because it did not state the date and time of his removal proceedings. We have rejected this jurisdictional challenge and concluded that *Pereira* is limited to the context of the stop-time rule in removal proceedings. *See Pierre-Paul v. Barr*, 930 F.3d 684, 689-90 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2718 (2020); *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 n.1 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2767 (2019). Estrada-Hernandez fails to show that the BIA committed legal error in denying his motion to reopen based on *Pereira*. *See Ka Fung Chan v. INS*, 634 F.2d 248, 252 (5th Cir. 1981).

We are without jurisdiction to adjudicate Estrada-Hernandez's claim that the BIA should have exercised its discretionary authority to reopen the proceedings sua sponte. *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017).

DISMISSED IN PART AND DENIED IN PART.