# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2021

Lyle W. Cayce
Clerk

No. 19-60874
Summary Calendar

Olujoke Ayoka Jackson,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 990 336

Before Davis, Stewart, and Ho, *Circuit Judges*.

Per Curiam:*

Olujoke Ayoka Jackson, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals (BIA) denying her motion to reopen her removal proceedings. The BIA determined that Jackson's statutory motion to reopen was untimely, her claims that the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

removal hearing was held without proper notice and jurisdiction were meritless, she was statutorily ineligible for cancellation of removal, and an exercise of its regulatory authority to reopen sua sponte was not warranted. Citing *Pereira v. Sessions*, 138 S. Ct. 2105, 2110, 2113-14 (2018), Jackson challenges the BIA's determinations and adds that the BIA failed to properly address whether her due process rights were violated by her receipt of defective notice and the immigration court's resulting lack of jurisdiction.

While Jackson acknowledges that her 2018 statutory motion to reopen was filed after the 90-day deadline, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), she argues that the BIA erroneously failed to analyze her equitable tolling argument. Even if it is assumed that the BIA so erred, the equitable tolling issue need not be resolved because, as discussed below, the BIA did not abuse its discretion in denying the motion to reopen on the alternative ground that it lacked substantive merit. *See Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

Jackson was initially served with a notice to appear (NTA) that omitted the date and time of her removal hearing, but she subsequently received a notice of hearing (NOH) supplying the missing information. Thus, any defect in the NTA was cured, and the purported defect was not jurisdictional. *See Pierre-Paul v. Barr*, 930 F.3d 684, 693 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2718 (2020). Additionally, while cancellation of removal is available to certain nonpermanent residents who have accrued ten years of continuous physical presence in the United States, the counting of that time stopped when Jackson received the NOH only six-and-a-half years after her admitted entry without inspection in September 2000. *See Yanez-Pena v. Barr*, 952 F.3d 239, 241 (5th Cir. 2020), *petition for cert. filed* (U.S. Apr. 6, 2020) (No. 19-1208). Jackson's arguments to the contrary are foreclosed. *See id.*; *Pierre-Paul*, 930 F.3d at 693; *see also Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020) (reasoning that *Yanez-Pena* foreclosed a claim that

the BIA erred by deciding that an NTA was perfected by a subsequent NOH that triggered the stop-time rule). Jackson's due process claim likewise lacks merit because it relies on these foreclosed defective-notice and jurisdictional arguments.

Finally, the regulatory provision of 8 C.F.R. § 1003.2(a) gives the BIA complete discretion to deny a motion to sua sponte reopen removal proceedings. *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017). We thus lack jurisdiction to review the BIA's denial of Jackson's request for sua sponte reopening. *Id.*

Accordingly, Jackson's petition for review is DENIED in part and DISMISSED in part.