# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2022

Lyle W. Cayce
Clerk

No. 20-60833
Summary Calendar

Jose Alfredo Tovar Zamarron,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095 531 693

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Jose Alfredo Tovar Zamarron, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals (BIA) denying his motion to reopen on grounds of ineffective assistance of counsel. The BIA held that the motion was number and time barred because this was

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60833

Tovar Zamarron's second motion to reopen and was filed several years after the entry of his final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). Because it determined that Tovar Zamarron did not pursue his rights diligently, it held that he was not entitled to equitable tolling. *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016).

A denial of a motion to reopen is reviewed under "a highly deferential abuse-of-discretion standard." *Ramos-Portillo v. Barr*, 919 F.3d 955, 958 (5th Cir. 2019). Motions to reopen are disfavored, and the movant bears a heavy burden. *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 305 (5th Cir. 2017).

In *Flores-Moreno v. Barr*, 971 F.3d 541, 545 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1238 (2021), this court held under similar circumstances that the BIA did not abuse its discretion in finding that the petitioner failed to exercise due diligence. Like the petitioner in *Flores-Moreno*, Tovar Zamarron filed his second motion to reopen through his current attorney several years after an unnamed attorney told him that he had no recourse. *Flores-Moreno*, 971 F.3d at 543. Tovar Zamarron's affidavit attached to the motion neither provides dates of when he contacted his current attorney, nor does it describe what steps he was taking to pursue his claim between speaking to the unnamed attorney and consulting with the nonprofit organization who referred him to his current attorney. *See id.* at 545.

Thus, in light of the disfavored status of motions to reopen, the "highly deferential abuse-of-discretion standard" under which we review them, and our holding in *Flores-Moreno*, 971 F.3d at 543-45, we hold that the BIA did not abuse its discretion in determining that Tovar Zamarron did not act diligently and was thus not entitled to equitable tolling of his motion to reopen. *See Ramos-Portillo*, 919 F.3d at 958; *Gonzalez-Cantu*, 866 F.3d at 305. Accordingly, Tovar Zamarron's petition for review is DENIED.