# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2022

Lyle W. Cayce
Clerk

No. 21-60923
Summary Calendar

Jude Kajoh Kayeh,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 315 743

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Jude Kajoh Kayeh, a native and citizen of Cameroon, challenges the denial of his statutory motion to reopen, 8 U.S.C. § 1229a(c)(7), by the Board of Immigration Appeals (BIA). A denial of a motion to reopen is reviewed under "a highly deferential abuse-of-discretion standard." *Ramos-Portillo v.*

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60923

*Barr*, 919 F.3d 955, 958 (5th Cir. 2019). Motions to reopen are disfavored, and the movant bears a heavy burden. *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 305 (5th Cir. 2017).

On review, Kayeh failed to address the BIA's finding that the evidence he submitted with his motion to reopen lacked authentication or other indicia of reliability, which it found especially troubling in light of the IJ and BIA's prior adverse credibility finding. Additionally, he failed to establish that the BIA abused its discretion in holding that the new evidence proffered would not affect the outcome of his case. *See Abubaker Abushagif v. Garland*, 15 F.4th 323, 330 (5th Cir. 2021) (holding that the BIA may deny the motion to reopen if the movant has not introduced previously unavailable, material evidence); *see also Qorane v. Barr*, 919 F.3d 904, 912 (5th Cir. 2019) (holding that "material evidence" within § 1229a(c)(7)(C)(ii) means "likely to change the result of the alien's underlying claim for relief").

Accordingly, Kayeh's petition is DENIED.