# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-60313
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2023

Lyle W. Cayce
Clerk

MARIO BARDALES-GONZALEZ,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 991 584

———————————————————

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Mario Bardales-Gonzales ("Mr. Bardales"), a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals's (BIA) dismissal of his appeal from the immigration judge's (IJ) denial of his motion to reopen.[1]  A denial of a motion to reopen is reviewed under "a highly

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

[1] The caption of this case, as well as Mr. Bardales's own brief before this court, incorrectly use "Gonzalez" instead of "Gonzales," which is the proper spelling of Mr.

No. 22-60313

deferential abuse-of-discretion standard." *Ramos-Portillo v. Barr*, 919 F.3d 955, 958 (5th Cir. 2019). Motions to reopen are disfavored, and the movant bears a heavy burden. *Gonzales-Cantu v. Sessions*, 866 F.3d 302, 305 (5th Cir. 2017). Findings of fact are reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under the substantial evidence standard, we may not reverse a factual finding unless the evidence "compels" such a reversal—i.e., the evidence must be "so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

On review, Mr. Bardales argues that he did not receive sufficient notice of his hearing because he did not receive oral notice in his native language. Assuming that the law requires such notice, Mr. Bardales has not presented compelling evidence that no reasonable factfinder could conclude that he received oral notice in Spanish. *See id.* His notice to appear indicated that he received oral notice in Spanish, and he attested that immigration officials spoke to him in Spanish.

Next, Mr. Bardales has not pointed to any case law or evidence in the record that the BIA abused its discretion in holding that his alleged confusion about his duties to attend his removal hearing constitutes exceptional circumstances. *See Ramos-Portillo*, 919 F.3d at 958. He has similarly failed to show that his speculation regarding his health issues constitutes exceptional circumstances. His argument that the IJ and BIA failed to consider the totality of the circumstances similarly lacks merit; the IJ and BIA's decisions reflect meaningful consideration of Mr. Bardales's exceptional circumstances argument and evidence. *See Matter of S-L-H- & L-B-L-*, 28 I. & N. Dec. 318, 321 (BIA 2021); *Abdel-Masieh v. U.S. I.N.S.*, 73 F.3d 579, 585

---

Bardales's maternal surname. His brief to the BIA used the correct spelling and then referred to him "hereinafter" as "Mr. Bardales;" hence, that is the name this opinion is using.

(5th Cir. 1996). It is therefore unnecessary to reach Mr. Bardales's issue of equitable tolling. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

We lack jurisdiction to reach Mr. Bardales's sua sponte argument. *See Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019) (holding that jurisdiction is lacking "to review the BIA's discretionary decision not to invoke its sua sponte authority to reopen a case because there is no legal standard against which to judge that decision" (internal quotation marks and citation omitted)); *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021) (holding that we review de novo whether we have jurisdiction). As for Mr. Bardales's due process argument, we have "held that no liberty interest exists in a motion to reopen, and therefore due process claims are not cognizable in the context of reopening proceedings." *Mejia*, 913 F.3d at 490.

Accordingly, Mr. Bardales's petition for review is DISMISSED in part and DENIED in part.