# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-60569
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2023

Lyle W. Cayce
Clerk

Jose Patricio Sandoval-Salmeron,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A094 798 908

————————————————————

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

    Jose Patricio Sandoval-Salmeron, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen. The BIA denied the motion as untimely; and alternatively, denied relief on the merits. In addition, it declined to reopen *sua sponte*.

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60569

Because motions to reopen are "disfavored", their denial is reviewed under "a highly deferential abuse-of-discretion standard". *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304–05 (5th Cir. 2017) (citations omitted). This standard requires a ruling to stand so long as "it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Id.* (citation omitted).

"A motion to reopen under 8 U.S.C. § 1229a(c)(7) must be filed within 90 days of the date of entry of a final administrative order of removal". *Lugo-Resendez v. Lynch*, 831 F.3d 337, 339 (5th Cir. 2016) (citation omitted). Although Sandoval filed his motion beyond the 90-day deadline and did not seek equitable tolling, he incorrectly maintains that, based on his defective notice to appear (NTA), he was entitled to challenge the agency's jurisdiction at any time. *E.g.*, *Flores-Abarca v. Barr*, 937 F.3d 473, 477–78 (5th Cir. 2019) (rejecting argument as foreclosed by precedent); *Lugo-Resendez*, 831 F.3d 337 at 342–43; *see* § 1229a(c)(7)(C)(i).

Sandoval's contention that the immigration court lacked jurisdiction over his removal proceedings because his NTA did not include a time and date for the initial hearing is foreclosed under our precedent. *E.g.*, *Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021). Because Sandoval's notice claims are non-jurisdictional and his untimely motion to reopen was automatically converted into a regulatory motion based on his failing to seek equitable tolling, we lack jurisdiction to consider the agency's denial of that motion. *E.g.*, *Lugo-Resendez*, 831 F.3d at 342–43 (failing to comply with statutory requirements of § 1229a(c)(7) requires motion be construed as regulatory motion to *sua sponte* reopen proceedings); *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206 (5th Cir. 2017) (explaining "we lack jurisdiction to review the BIA's decision to decline *sua sponte* reopening").

DISMISSED.