# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-60363
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2025

Lyle W. Cayce
Clerk

SAMUEL NJOROGE,

*Petitioner*,

*versus*

JAMES R. MCHENRY, III, *Acting U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A078 881 695

————————————————————

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Samuel Njoroge, a native and citizen of Kenya and proceeding *pro se*, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion to reopen based on *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), filed six years after the final order of removal, in order to apply for cancellation of removal under 8 U.S.C. § 1229b(b). Njoroge maintains the BIA erred in

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

concluding his motion was untimely when it failed to consider equitable tolling and the battered-spouse deadline exception set forth in 8 U.S.C. § 1129a(c)(7)(C)(iv).

Because motions to reopen are "disfavored", their denial is reviewed "under a highly deferential abuse-of-discretion standard". *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304–05 (5th Cir. 2017) (citation omitted). This standard requires the denial to stand "as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Id.* (citation omitted). For the reasons set forth below, the BIA did not abuse its discretion in determining Njoroge's motion was untimely.

An alien has a statutory right to file one motion to reopen proceedings, *see* § 1229a(c)(7)(A), which must be filed within 90 days of the entry of the removal order, *see* § 1229a(c)(7)(C)(i). *E.g.*, *Djie v. Garland*, 39 F.4th 280, 282–83 (5th Cir. 2022). The statute sets forth several exceptions to the 90-day deadline, including an exception for certain actions involving domestic violence. § 1229a(c)(7)(C)(iv) (under special rule for battered spouses, motion to reopen may be filed up to one year after entry of removal order or after one year if Attorney General waives time limitation in cases where alien "demonstrates extraordinary circumstances or extreme hardship" to their child). Additionally, the 90-day limitations period may be equitably tolled. *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016) ("[T]he deadline for filing a motion to reopen under § 1229a(c)(7) is subject to equitable tolling.").

Under either deadline exception asserted by Njoroge, he bears the burden of establishing the exception applies and he merits relief as a matter of discretion. *E.g.*, *Lugo-Resendez*, 831 F.3d at 344 (to qualify for equitable tolling, alien must establish diligent pursuit of rights and extraordinary

circumstances preventing timely filing); *Dije*, 39 F.4th at 283 n.2 ("To qualify for [the battered-spouse] special rule, a petitioner must satisfy four strict [statutory] requirements."). Our court has jurisdiction to consider an alien's petition for review following the denial of a motion to reopen removal proceedings, even if the denial was based on untimeliness or the rejection of a request for equitable tolling. *Mata v. Lynch*, 576 U.S. 143, 147–48 (2015).

Njoroge's counseled motion to reopen before the BIA not only failed to set forth the standard for equitable tolling or the criteria governing the special limitations period for battered spouses, but also failed to explain how he satisfied them. Instead, his brief simply directed the BIA's attention to over 200 pages of exhibits. The BIA correctly observed that Njoroge "present[ed] no argument why the motion should be considered timely filed". *E.g.*, *Matter of P-B-B-*, 28 I. & N. Dec. 43, 44 n.1 (BIA 2020) (issues not raised in petitioner's brief are waived). Moreover, the BIA noted that it would still deny Njoroge's motion even if it construed the motion as a request to *sua sponte* reopen the proceedings under 8 C.F.R. § 1003.2(a) because he did not show that his case presented an exceptional situation that would warrant such an exercise of discretion.

Because the untimeliness of Njoroge's motion to reopen is dispositive, we need not consider the Government's contentions regarding exhaustion or Njoroge's merits-based challenges to the denial of his motion. *E.g., Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.") (citations omitted).

DENIED.