# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2025

Lyle W. Cayce
Clerk

No. 24-60390

———————————

Ernesto Adan Carcamo-Viema,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 039 537

———————————

Before Higginson, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Ernesto Adan Carcamo-Viema, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his motion to reopen and rescind an *in absentia* order of removal. We DENY in part Carcamo-Viema's petition because the BIA did not abuse its discretion, and we DISMISS in part for lack of jurisdiction.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60390

I

Carcamo-Viema entered the United States on August 27, 2005. That day, the Immigration and Naturalization Service personally served him with a Notice to Appear (NTA), charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i). The NTA listed "2304 Wichita, Pasadena, Texas, 77502" as his address and advised him of his obligation to provide the immigration court with his mailing address and any change of address. A border patrol agent likewise informed him that, within five days, he was required to provide a viable mailing address or file a change of address. Additionally, Carcamo-Viema signed—but did not otherwise complete—a Change of Address Form that reiterated the same obligations.

The August 2005 NTA that Carcamo-Viema received did not include a date or time for the removal hearing. In October 2005, the immigration court mailed to the Pasadena address a Notice of Hearing (NOH) scheduling a removal hearing to be held on January 30, 2006, at 8:30 a.m., in the Houston Immigration Court. But the NOH was returned as "insufficient address." When Carcamo-Viema failed to appear, the IJ ordered him removed *in absentia*. That removal order was likewise mailed to the Pasadena address and returned as undeliverable.

More than sixteen years later, in September 2022, Carcamo-Viema moved to reopen and rescind the removal order. He noted that Hurricane Katrina struck two days after his arrival in the United States. He argued that reopening was warranted because his NTA lacked a hearing date and time, depriving him of proper notice under *Niz-Chavez v. Garland*, 593 U.S. 155 (2021). He also asked the IJ to exercise *sua sponte* jurisdiction to reopen his case, and he claimed to have a "strong" claim for asylum, attaching an application.

No. 24-60390

The IJ denied the motion. The IJ concluded that Carcamo-Viema forfeited his right to notice by failing to correct his address or update his address, obligations of which he "was aware." The IJ also held that Carcamo-Viema had not shown changed country conditions in Honduras that might warrant reopening. And the IJ rejected *sua sponte* reopening, explaining that failing to receive notice because of one's own failure to update an address is a "common circumstance [that] can hardly be described as extraordinary."

On appeal, the BIA affirmed. It cited *Campos-Chaves v. Garland*, 602 U.S. 447 (2024), as foreclosing Carcamo-Viema's defective-NTA argument. The BIA also emphasized that "[t]he record also reflects, and [Carcamo-Viema] does not dispute" that an NOH was mailed to his Pasadena address. The BIA further agreed that he had not demonstrated "changed circumstances" justifying his untimely motion. Finally, the BIA rejected his *sua sponte* argument, noting that he failed to explain either the "significant delay" in filing or how Hurricane Katrina impaired his ability to update his address.

## II

We review a motion to reopen removal proceedings under "a highly deferential abuse-of-discretion standard." *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304 (5th Cir. 2017) (internal quotation marks and citations omitted). The BIA's decision must be upheld so long as it "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (cleaned up).

## III

Carcamo-Viema raises three arguments for reopening his removal proceedings and rescinding his removal order. None succeeds.

First, he relies on *Niz-Chavez* to argue that he lacked proper notice of his removal hearing because his NTA was defective. But *Niz-Chavez* is not the whole story. Last term, the Supreme Court clarified the written-notice requirements for removal proceedings. *See Campos-Chaves*, 602 U.S. at 451–52. The Immigration and Nationality Act (INA) requires that a noncitizen be given "written notice" when the government initiates removal proceedings. *Id.* at 451 (discussing 8 U.S.C. §§ 1229(a)(1), (2)). That notice can take "one of two forms": (1) an NTA under § 1229(a)(1) that includes, "among other things," the time and place of the hearing; or (2) a subsequent "written notice" under § 1229(a)(2) specifying new time-and-place details. *Id. Niz-Chavez* held that an NTA must contain all required information in a single document. *Id.* (discussing *Niz-Chavez*, 593 U.S. at 160–62). But *Campos-Chaves* clarified that even if an NTA is defective, an *in absentia* removal order may be rescinded only if the noncitizen received neither a valid NTA under paragraph (1) nor a subsequent notice under paragraph (2). *Id.* at 457. Here, the case turns on notice under paragraph (2): the NOH mailed to the Pasadena address.

Carcamo-Viema, however, barely addresses *Campos-Chaves*. The record shows that the NOH mailed to the Pasadena address complied with § 1229(a)(2). The BIA thus properly rejected his argument that rescission was required because of a defective NTA.

He also contends he did not actually receive the NOH. But "[t]he [G]overnment satisfies the notice requirement for obtaining a removal order when it gives proper notice at the most recent mailing address the alien provided." *Nunez v. Sessions*, 882 F.3d 499, 507 (5th Cir. 2018) (internal quotation marks and citation omitted). And by failing to provide the immigration court with a viable mailing address—as the INA requires—Carcamo-Viema forfeited his right to notice. *See* 8 U.S.C. § 1229a(b)(5)(B); *see also Nivelo Cardenas v. Garland*, 70 F.4th 232, 243 (5th Cir. 2023). The

No. 24-60390

BIA therefore did not abuse its discretion in rejecting his lack-of-notice argument.[1]

Second, Carcamo-Viema challenges the BIA's decision upholding the IJ's denial of his motion to reopen based on changed country conditions. But "a petitioner bears a heavy burden to show changed country conditions for purposes of reopening removal proceedings." *Nunez*, 882 F.3d at 508. To meet that burden, he must draw "a meaningful comparison" between country conditions at the time of the motion and those at the time of the removal hearing. *Id.* Both the BIA and IJ found that Carcamo-Viema had failed to do so, and he points to no evidence demonstrating that conditions in Honduras have materially changed since 2006. Without that evidence, the required comparison is impossible. *See id.* at 508–09. The BIA therefore did not abuse its discretion in denying the motion on that basis.

Finally, Carcamo-Viema invokes Hurricane Katrina as an extraordinary circumstance warranting *sua sponte* reopening. But "this court has repeatedly held that circuit courts lack jurisdiction over denials by the BIA to reopen proceedings *sua sponte*." *See Garcia-Gonzalez v. Garland*, 76 F.4th 455, 465 (5th Cir. 2023) (citing cases).

Accordingly, the petition for review is DENIED in part, because the BIA did not abuse its discretion, and DISMISSED in part for lack of jurisdiction.

---

[1] Carcamo-Viema also challenges the IJ's "unnecessarily rigid application" of the INA's address requirements, asserting that Hurricane Katrina presented "unusual circumstances" that impaired his ability to provide a viable mailing address. But he never explains how and cites no supporting authority. An argument inadequately briefed is abandoned. *See* Fed. R. App. P. 28(a)(8)(A); *see also Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument" by "failing to adequately brief the argument on appeal."). In any event, the argument fails. *See* 8 U.S.C. § 1229a(b)(5)(B); *Nivelo Cardenas*, 70 F.4th at 243.