# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2021

Lyle W. Cayce
Clerk

No. 19-60315
Summary Calendar

Eugene Udoka Udensi,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 768 451

Before Davis, Stewart, and Ho, *Circuit Judges*.

Per Curiam:*

Eugene Udoka Udensi, a native of Cameroon and dual citizen of Cameroon and Nigeria, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), based on fear of future persecution if he returned to those countries based on imputed political

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

opinion due to his father's involvement with the Movement for the Actualization of the Sovereign State of Biafra (MASSOB), a political group in Nigeria, and his mother's involvement with the Ambazonia political group in Cameroon. His applications for asylum, withholding, and CAT protection were denied based on the immigration judge's (IJ) finding of a lack of corroborative evidence, which was upheld by the Board of Immigration Appeals (BIA). The BIA also denied Udensi's motions to reconsider and to reopen to consider new evidence.

Udensi, through counsel, argues that the IJ deprived him of a fair hearing and his right to due process by finding that he was partially credible, by finding that he failed to provide corroborating evidence of his claims, and by denying his application for relief. He contends that corroborating evidence was not reasonably available given the short amount of time he was given to produce such evidence.

We review an immigration court's findings of fact for substantial evidence. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 537. In order to carry his burden of proof, a petitioner must sometimes present reasonably available corroborative evidence of his claims, and the failure to do so may be dispositive of the petitioner's application for relief without regard to the credibility of his testimony. *Rui Yang v. Holder*, 664 F.3d 580, 585-87 (5th Cir. 2011). In reviewing challenges to determinations regarding the availability of corroborating evidence, we consider whether the IJ was "compelled to conclude that such corroborating evidence is unavailable." *Id.* at 587 (quoting 8 U.S.C. § 1252(b)(4)).

Udensi's statement that he did not think to ask his cousin Iweka Udensi for an affidavit which could corroborate his testimony did not compel

the conclusion that this corroborating evidence was unavailable. *See Yang*, 664 F.3d at 587. Udensi's assertion that he could not obtain an affidavit from his wife's aunt, Agnes Tanyi, on time does not mean such evidence was unavailable. Udensi himself suggested that he could get the evidence he needed in one week, and if he needed more time, the IJ told him he could request it. When the IJ pressed him for evidence supporting his claim that he would be targeted as a family member, Udensi did not request a continuance from the IJ in order to obtain a letter from his wife's aunt or any other evidence that could have corroborated his claim. The fact that Udensi proceeded pro se and was detained did not excuse him from the requirement to provide reasonably available corroborative evidence. *See Yang*, 664 F.3d at 587-88.

Prior to disposing of an alien's claim, the IJ is not required to provide "advance notice of the specific corroborating evidence necessary to meet the applicant's burden of proof and an automatic continuance for the applicant to obtain such evidence." *Avelar-Oliva v. Barr*, 954 F.3d 757, 771 (5th Cir. 2020). The IJ was not required to continue the proceedings on its own when Udensi failed to provide corroborating evidence. *See id*. When the IJ noted the deficiencies in Udensi's evidence and asked Udensi why he did not provide such evidence, it was up to Udensi to request a continuance to obtain the evidence.

Substantial evidence supports the IJ's and BIA's determination that Udensi failed to present sufficient corroborative evidence, that such evidence was reasonably available, and that the IJ and BIA were not "compelled to conclude that such corroborating evidence [was] unavailable." *See Yang*, 664 F.3d at 587-88. Udensi has not shown a violation of due process. *See Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997). Lastly, the BIA's determination that the evidence was insufficient to establish that the Nigerian or Cameroon governments were interested in persecuting Udensi on account of an

imputed political opinion or his family relationship to his parents is supported by substantial evidence. *See Wang*, 569 F.3d at 536. [1]

Udensi has failed to brief his claims for withholding of removal and CAT protection apart from asylum. By failing to brief any issues related to his claims for withholding of removal or CAT relief, Udensi has waived or abandoned them. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

Udensi argues that in denying his motion to reopen, the BIA refused to consider a piece of critical corroborative evidence, the arrest warrant, because of a factual finding that was clearly erroneous. He contends that the date on the arrest warrant, May 22, 2018, was the date on which he allegedly failed to appear, not the date of the issuance of the arrest warrant, and that the arrest warrant was not available to him to be presented at his hearing on October 25, 2018. Udensi also argues that the BIA's refusal to consider the affidavits he submitted with his motion to reopen is not based on substantial evidence and deprived him of due process.

A "motion to reopen is a form of procedural relief that asks the [BIA] to change its decision in light of newly discovered evidence or a change in circumstances since the hearing." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 339 (5th Cir. 2016) (internal quotations and citation omitted). In order to warrant reopening, the evidence offered must be "material" and "not available and could not have been discovered or presented at the former hearing." 8 CFR § 1003.2(c)(1).

Motions to reopen removal proceedings are disfavored, and the moving party bears a heavy burden. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006). "In reviewing the denial of a motion to reopen, this

---

[1] Because the BIA did not address the IJ's findings on credibility, we do not consider the IJ's credibility determination. *See Yang*, 664 F.3d at 587.

court applies a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief." *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304 (5th Cir. 2017) (internal quotations and citation omitted). We "must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304-05 (internal quotations and citation omitted).

In denying Udensi's motion to reopen, the BIA determined that the affidavits of his family members "clearly could have been presented at his October 25, 2018, merits hearing," and that the arrest warrant was issued on May 22, 2018, predating his merits hearing by five months. Udensi does not explain in his brief what efforts he made to obtain the arrest warrant or the affidavits. Two months after he filed his motion to reopen, Udensi submitted the affidavit of his wife, who stated that she had attempted to get affidavits from people back home to corroborate Udensi's claims but she could only get one. She explained that the political situation in Cameroon made it impossible to obtain affidavits or evidence to corroborate Udensi's claims. She attested that most of the people she contacted were unable to provide affidavits due to the conditions in the countries and because the people were scared, and they could not find a law firm or a court to notarize affidavits. Notably, Udensi's wife did not include any of this information about her difficulties obtaining corroborating evidence in her letter submitted with the original application for asylum. Udensi does not explain how the conditions in the countries changed between October 25, 2018, the date of his hearing, and November 26, 2018, November 27, 2018, or December 7, 2018, the dates of the affidavits he submitted, such that he was able to get the affidavits in such a short time immediately following his hearing. In one of those affidavits, the witness stated that he was the person who informed Udensi that the military was coming after him with a warrant for his arrest, which

warning he gave so that Udensi could leave for his safety, confirming that the arrest warrant was issued before Udensi left Cameroon in June 2018.

Udensi has not shown that the BIA abused its discretion in denying his motion to reopen. *See Gonzalez-Cantu*, 866 F.3d at 304-05. Udensi did not have a protected liberty interest in his motion to reopen, and his due-process claim fails. *See Altamirano–Lopez*, 435 F.3d at 550. Udensi makes no arguments challenging the BIA's determination that his motion to reconsider was untimely or challenging the BIA's denial of his request for sua sponte reconsideration and equitable tolling, and so Udensi has waived review of these issues. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The petitions for review are DENIED.