# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2021

Lyle W. Cayce
Clerk

No. 19-60924
Summary Calendar

Quang Thai Ming Tran,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A046 587 506

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Quang Thai Ming Tran, a native and citizen of Vietnam, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's (IJ) denial of his motion to reopen the proceedings that resulted in his removal under Immigration and Nationality

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Act § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), because he had been convicted of an aggravated felony and under § 237(a)(2)(B)(1), § 1227(a)(2)(B)(i), because he had been convicted of an offense relating to a controlled substance. In its order, the BIA adopted the IJ's determination that Tran's motion to reopen was not timely filed for purposes of 8 U.S.C. § 1229a(c)(7)(C)(i). It held that Tran had waived any challenge to the IJ's determinations that he was not entitled to equitable tolling and had not established exceptional circumstances warranting sua sponte reopening. It also agreed with the IJ's alternative holding that Tran's due process rights were not violated during his removal proceedings.

We have jurisdiction to review the denial of Tran's motion to reopen. *Mata v. Lynch*, 576 U.S. 143, 147-48 (2015); 8 U.S.C. § 1252(b)(6). Although our review is limited because Tran was removable based on his conviction of an aggravated felony, we retain jurisdiction to consider "constitutional claims or questions of law." § 1252(a)(2)(C), (D). We review the denial of a motion to reopen removal proceedings under "a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales,* 404 F.3d 295, 303 (5th Cir. 2005). Because the BIA adopted and relied on the IJ's decision in addition to providing its own reasons, we will consider both decisions. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

In his petition for review, Tran argues that his due process rights were violated because his notice to appear failed to allege facts establishing that he was removable based on his controlled substance conviction. He contends that it did not identify the substance underlying his conviction to show that it was a controlled substance as defined in 21 U.S.C. § 802. Tran argues that his proceedings should be reopened in light of that due process violation because his resulting order of removal was a gross miscarriage of justice.

Tran does not contend that the IJ and BIA erred in determining that his motion to reopen was not timely filed and he was not entitled to equitable tolling. He also does not contend that the IJ and BIA erred in rejecting his

challenge to the immigration court's jurisdiction under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), or in determining that his due process rights were not violated by the incorrect date of conviction included on his notice to appear. He has abandoned any claims he might have raised regarding those decisions. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We also reject Tran's claims that his order of removal was a "gross miscarriage of justice." Although this court has recognized a "gross miscarriage of justice" exception in cases where a statutory bar otherwise limits review of an underlying removal order, it has declined to extend that exception to overcome an untimely motion to reopen. *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017). Further, it is unclear whether Tran attempts to invoke this as an exception to the time bar, but even if he did so, we would lack jurisdiction to consider the issue as he did not raise it before the BIA. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

For the foregoing reasons, Tran's petition for review is DENIED.