# United States Court of Appeals for the Fifth Circuit

_____

No. 22-60342
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2023

Lyle W. Cayce
Clerk

Andre Oneil Taylor,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A088 935 690

_____

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Andre Oneil Taylor, a native and citizen of Jamaica, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) denying his application for deferral of removal under the Convention Against Torture (CAT) and

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

ordering him removed.  We review the denial of CAT claims for substantial evidence.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Pursuant to this standard, we may not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion.  *Id.* (internal quotation marks and citation omitted).  Taylor has not shown that the evidence compels a conclusion contrary to that of the BIA on the issue whether he showed Jamaican officials would acquiesce in his torture if he were repatriated.  *See id.*; *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006).  Because official acquiescence is an essential element of a CAT claim, there is no need to consider his remaining arguments concerning this form of relief.  *See Tabora Gutierrez*, 12 F.4th at 502; *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).

Insofar as Taylor argues that the BIA erred by failing to afford him the liberal construction due pro se litigants, our review of the record refutes this claim.  *See Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014).  Insofar as he complains that his case was heard by one judge rather than three and that the BIA did not exercise its discretion to sua sponte reopen his proceedings, we lack jurisdiction to consider these arguments.  *See Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206 (5th Cir. 2017); *Cantu-Delgadillo v. Holder*, 584 F.3d 682, 690-91 (5th Cir. 2009).  His challenge to the BIA's denial of his motion to reopen fails because he cites nothing undermining the BIA's conclusion that it had no jurisdiction over S-visas and thus shows no abuse of discretion in connection with the BIA's denial of the motion.  *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304-05 (5th Cir. 2017); *see also Matter of G-K*, 26 I.&N. Dec. 88, 92 (BIA 2013).  Finally, his motion for appointed counsel lacks merit because this case does not present exceptional circumstances.  *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).  The petition for review is DENIED in part and DISMISSED in part for want of jurisdiction.  The motion for appointed counsel is DENIED.