# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-60524
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2025

Lyle W. Cayce
Clerk

Sᴀʀᴋɪs Mᴀᴅᴊᴀʀɪᴀɴ,

*Petitioner*,

*versus*

Pᴀᴍᴇʟᴀ Bᴏɴᴅɪ, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A022 977 221

---

Before Sᴍɪᴛʜ, Sᴛᴇᴡᴀʀᴛ, and Dᴜɴᴄᴀɴ, *Circuit Judges*.

Pᴇʀ Cᴜʀɪᴀᴍ:[*]

Sarkis Madjarian, a stateless native of the former Soviet Union, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of a motion to reopen his removal proceedings. Madjarian argues that the agency erroneously denied him equitable tolling. He also challenges the BIA's

---

[*] This opinion is not designated for publication. *See* 5ᴛʜ Cɪʀ. R. 47.5.

determination that his argument regarding a purported error the IJ committed during his removal proceedings was not properly presented before the BIA, given his waiver of his right to appeal the IJ's decision and the agency's denial of sua sponte reopening.

Madjarian also challenges the validity of his appeal waiver for the first time. Because this claim was not presented to the BIA, it is thus unexhausted. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023). Because the Government raises exhaustion, we will enforce this claim-processing rule and decline to consider the claim. *See Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023).

We review motions to reopen under "a highly deferential abuse-of-discretion standard." *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304 (5th Cir. 2017) (internal quotation marks and citation omitted). A motion to reopen generally must be filed within 90 days of the entry of the final order of removal, but the 90-day deadline is subject to equitable tolling. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1); *Lugo-Resendez v. Lynch*, 831 F.3d 337, 343-44 (5th Cir. 2016). Equitable tolling may be granted only if the alien demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 344 (internal quotation marks and citation omitted). With respect to the first element, the alien must show "that he pursued his rights with reasonable diligence, not maximum feasible diligence." *Id.* (internal quotation marks and citation omitted).

Here, Madjarian failed to provide any details regarding his consultations with unnamed attorneys during the nine-year period between the IJ's 2014 removal order and the filing of his 2023 motion to reopen. Accordingly, Madjarian fails to show that the agency misapplied *Lugo-Resendez*. *See Flores-Moreno v. Barr*, 971 F.3d 541, 545 (5th Cir. 2020); *Lugo-*

*Resendez*, 831 F.3d at 344.  Further, Madjarian, as the party seeking equitable tolling, had the burden of submitting evidence that he was duly diligent from entry of his removal order up to the filing of his motion to reopen.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Mejia v. Barr*, 952 F.3d 255, 258 (5th Cir. 2020).  Because he failed to do so, the agency did not abuse its discretion by denying him equitable tolling.  *See Gonzalez-Cantu*, 866 F.3d at 304.

Diligence is an essential element of equitable tolling.  *See Lugo-Resendez*, 831 F.3d at 344.  As such, there is no need to consider the second part of the test, whether an extraordinary circumstance prevented him from timely filing.  *See id.*; *Gonzalez-Cantu*, 866 F.3d at 305; *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").  Further, because the denial of equitable tolling is dispositive, we need not address Madjarian's argument that his appeal waiver did not prevent him from raising an argument regarding an error the IJ committed during his removal proceedings in a motion to reopen.  *See id.*

Finally, Madjarian argues that the BIA erroneously affirmed the IJ's denial of sua sponte reopening.  However, "this court lacks jurisdiction to review the BIA's discretionary decision not to invoke its sua sponte authority to reopen a case because there is no legal standard against which to judge that decision."  *Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019) (internal quotation marks and citation omitted).

The petition for review is DENIED in part and DISMISSED in part.