# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-60455

————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2025

Lyle W. Cayce
Clerk

Freddy Ernesto Artiga Minera,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

_____

Appeal from the Board of Immigration Appeals
Agency No. A090 895 169

_____

Before Stewart, Clement, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Freddy Ernesto Artiga Minera, a native and citizen of El Salvador, became a lawful permanent resident of the United States in 1989. In 2000, Artiga Minera was convicted of aggravated assault in Texas, and an Immigration Judge ordered his removal. Artiga Minera illegally re-entered the country in 2003, and authorities detained him in 2024. After being detained, he filed a motion to reconsider his removal order. The Board of Immigration Appeals ("BIA") denied his motion, and Artiga Minera

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60455

petitioned this court for review. Because the BIA did not abuse its discretion, and because we lack jurisdiction to consider the BIA's decision not to reconsider Artiga Minera's removal *sua sponte*, the petition for review is DENIED IN PART and DISMISSED IN PART. Respondent's motion for judicial notice is DENIED AS MOOT.[1]

## I.

Artiga Minera is a native and citizen of El Salvador who became a legal permanent resident in 1989. Roughly ten years later, Artiga Minera pleaded guilty to aggravated assault in violation of Texas Penal Code section 22.02. The criminal complaint charged Artiga Minera with "intentionally and knowingly threaten[ing] [the victim] with imminent bodily injury by using and exhibiting a deadly weapon, namely, a FIREARM."

The Department of Homeland Security issued Artiga Minera a Notice to Appear based on his conviction. The Notice to Appear charged Artiga Minera with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because his conviction qualified as an aggravated felony and crime of violence under 8 U.S.C. § 1101(a)(43)(F). Artiga Minera appeared before an Immigration Judge ("IJ") and conceded that he was removable as charged. The IJ then ordered Artiga Minera removed. Artiga Minera appealed this decision, but the BIA dismissed his appeal for failure to file a brief. Artiga Minera was subsequently removed from the United States.

Artiga Minera unlawfully re-entered the country in 2003. In May 2024, Immigration and Customs Enforcement detained Artiga Minera. The next month, he filed a motion for the BIA to reconsider the IJ's order from

---

[1] Respondent asked the court to take judicial notice of the Department of Homeland Security's decision to reinstate Artiga Minera's removal order, but our decision rests on other grounds supported by the record.

September 2000 deeming him removable. Artiga Minera argued that the U.S. Supreme Court's decision in *Borden v. United States*, 593 U.S. 420 (2021) dictates that his conviction should not have qualified as a crime of violence. The BIA denied the motion as untimely, finding that Artiga Minera failed to demonstrate that he pursued his rights with reasonable diligence in the three-year period between *Borden* and the motion to reconsider. The BIA also declined to reconsider the removal order *sua sponte*. Additionally, the BIA noted that even after *Borden*, this court held that aggravated assault by threat of imminent bodily injury under sections 22.01(a)(2) and 22.02(a)(2) of the Texas Penal Code is a crime of violence under 18 U.S.C. § 16, which is the same definition of "crime of violence" under the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F).

Artiga Minera now petitions this court for review.

## II.

"We review the Board's denial of both a motion to reopen and a motion for reconsideration under a highly deferential abuse-of-discretion standard." *Singh v. Gonzalez*, 436 F.3d 484, 487 (5th Cir. 2006) (quotations omitted). "We uphold the decision if it 'is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach.'" *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017) (quoting *Singh*, 436 F.3d at 487).

## III.

First, we consider whether the BIA abused its discretion in finding that Artiga Minera did not demonstrate a diligent pursuit of his rights.

A motion to reconsider "must be filed within 30 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(6)(B). Artiga Minera's removal order became final when the BIA dismissed his

appeal in September 2000, and the motion to reconsider was filed in June 2024.

However, the thirty-day deadline for filing a motion to reconsider is subject to equitable tolling. *See Gonzalez Hernandez v. Garland*, 9 F.4th 278, 284 (5th Cir. 2021). A movant is entitled to equitable tolling "only if: (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance has stood in his way and prevented timely filing." *Id.* The diligence element "requires the litigant to establish that he pursued his rights with reasonable diligence, not maximum feasible diligence." *Flores-Moreno v. Barr*, 971 F.3d 541, 545 (5th Cir. 2020) (quotations omitted). Generally, the party seeking equitable tolling bears the burden of proof. *See Mejia v. Barr*, 952 F.3d 255, 258 (5th Cir. 2020).

Artiga Minera contends that he diligently pursued his rights because he first learned of the *Borden* case in late May 2024, after his wife consulted with an attorney, learned of the case, and informed Artiga Minera. The motion to reconsider followed shortly thereafter, in early June 2024. Artiga Minera argues that the deadline to file his motion was equitably tolled until he learned of *Borden*, and he cites the case of *Gonzalez-Cantu v. Sessions*, 866 F.3d 302 (5th Cir. 2017) in support of this argument. But *Gonzalez-Cantu* did not hold that tolling applies until a petitioner learns of a change in the law. 866 F.3d at 305. Instead, the court reasoned that even if tolling had applied until that date, the petitioner would not have proven that her motion was timely, so there was no reason to examine her efforts to discover the new law. *Id.* at 305 & n.4. We have explained as much before:

> As this court recognized in subsequent cases, *Gonzalez-Cantu* did not hold that a party requesting equitable tolling is necessarily entitled to tolling up until the time he learns of the change in law that provides grounds for filing a motion to reopen or reconsider; rather, he may be granted tolling up to

that date if he provides sufficient evidence to support his request.

*Valdes Amaro v. Garland*, No. 23-60330, 2024 WL 1478880, at *2 (5th Cir. Apr. 5, 2024) (per curiam).

Thus, rather than automatically earning equitable tolling until May 2024, Artiga Minera needed to show reasonable diligence through "efforts [he] took to discover [*Borden*]" and "why it took almost three years to do so." *Gonzalez-Cantu*, 866 F.3d at 305 n.4. The BIA determined that Artiga Minera's only excuse for not discovering *Borden* earlier was ignorance of the law, and "[t]his court does not recognize a lack of legal sophistication as grounds for equitable tolling." *Galvan-Cerda v. Garland*, No. 21-60882, 2022 WL 3210687, at *1 (5th Cir. Aug. 9, 2022) (per curiam).

As evidence of his diligence, Artiga Minera recounts an unhelpful consultation with an attorney from 2018. The next attorney meeting mentioned is his wife's, from May 2024, which led to the discovery of *Borden*. But there is no explanation for the gap in time between *Borden*'s publication in 2021 and Artiga Minera's discovery of the case in 2024. He represents that he consulted with approximately seven different attorneys over the past fifteen years, but it is unclear when these meetings occurred, much less whether any happened between 2021 and 2024. More importantly, although Artiga Minera may disagree with the BIA's evaluation of his diligence, he has failed to identify how the BIA's decision was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Lowe*, 872 F.3d at 715 (quotations omitted). Without such a showing, we can find no abuse of discretion.

Aside from timeliness, the BIA reached the merits of Artiga Minera's motion in the alternative, concluding that *Borden* had no effect on his

conviction's classification as a crime of violence. We find the Board's reasoning persuasive. Artiga Minera's record indicates that he was convicted of "intentionally and knowingly threaten[ing] [the victim] with imminent bodily injury by using and exhibiting a deadly weapon." Texas Penal Code section 22.02(a)(2) provides, "A person commits an offense if the person commits assault as defined in § 22.01 and the person: . . . uses or exhibits a deadly weapon during the commission of the assault." Section 22.01(a)(2) defines assault as "intentionally or knowingly threaten[ing] another with imminent bodily injury." Tex. Penal Code § 22.01(a)(2). Section 22.01(a)(1), by contrast, prohibits the infliction of bodily injury, not just the threat of it, and the statute includes a mens rea of recklessness, in addition to intent and knowledge. *Id.* § 22.01(a)(1). But it is clear from the facts and the record that Artiga Minera was convicted under sections 22.02(a)(2) and 22.01(a)(2), not 22.01(a)(1). Artiga Minera was not convicted under the provision of assault that contains the mens rea of recklessness, and therefore his argument that his conviction cannot qualify as a crime of violence under *Borden* is incorrect.

Indeed, we have held post-*Borden* that a violation of section 22.01(a)(2) constitutes a crime of violence under 18 U.S.C. § 16. *United States v. Clark*, 49 F.4th 889, 891 (5th Cir. 2022); *see also United States v. Torres*, 923 F.3d 420, 425 (5th Cir. 2019) ("Certainly, then, Section 22.01(a) is divisible into three separate, enumerated offenses. Thus, we can employ the modified categorical approach."). We therefore deny Artiga Minera's petition for review.

## IV.

Artiga Minera's remaining argument is that the BIA should have reconsidered his removal *sua sponte*. As explained above, the BIA essentially did consider the merits of Artiga Minera's motion. Nevertheless, we have no

No. 24-60455

jurisdiction to review the agency's decision to refrain from exercising *sua sponte* authority. *See Qorane v. Barr*, 919 F.3d 904, 911–12 (5th Cir. 2019).

\* \* \*

For these reasons, the petition for review is DENIED IN PART and DISMISSED IN PART. Respondent's motion for judicial notice is DENIED AS MOOT.