# United States Court of Appeals for the Fifth Circuit

---

No. 24-60349
CONSOLIDATED WITH
No. 24-60620

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 5, 2025

Lyle W. Cayce
Clerk

OSCAR RENE ROSA AREVALO,

*Petitioner*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A044 422 678

---

Before WIENER, ENGELHARDT, and OLDHAM, *Circuit Judges*.

KURT D. ENGELHARDT, *Circuit Judge*:

Oscar Rene Rosa Arevalo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' denials of his motion to re-open removal proceedings and motion to reconsider. The Board found that Rosa Arevalo's motion to reopen was untimely and not entitled to equitable tolling. It likewise declined to reconsider. Seeing no abuse of discretion, we deny the petitions.

I

Rosa Arevalo was convicted of possession of a controlled substance in Illinois state court. In 2004, he was issued a notice to appear alleging that he was removable based on his possession conviction under 8 U.S.C. § 1182(a)(2)(A)(i)(II).[1] The immigration judge determined that Rosa Arevalo was ineligible for cancellation of removal based on his possession conviction, and the Board dismissed the resulting appeal. He was removed to Guatemala in 2004 and illegally reentered at an unknown time.

In 2023, Rosa Arevalo learned that an Illinois law which took effect in 2021 allows individuals to petition for vacatur of convictions that may have "potential consequences under federal immigration law." 735 ILL. COMP. STAT. 5/2-1401(c-5) (2021). Wanting to take advantage of this law, Rosa Arevalo petitioned the Illinois court to vacate his possession conviction on August 23, 2023. The court granted his petition on December 15, 2023, and vacated the conviction based on "procedural and substantive deficiencies in the underlying proceeding."

On January 17, 2024, Rosa Arevalo moved to reopen his removal proceedings with the Board, arguing that because his possession conviction was vacated, he is no longer subject to the sole inadmissibility ground found by the immigration judge. The Board denied the motion to reopen, concluding that it was not timely filed and was not subject to equitable tolling. The Board similarly denied his motion to reconsider.

─────────────────────────

[1] The notice to appear also alleged that Rosa Arevalo was removable based on his conviction for aggravated assault, a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I). At the 2004 immigration hearing, Rosa Arevalo admitted that he had been convicted of this offense. But in his motion to reopen, he asserted that the charge had been dismissed in 1997. Because the immigration judge did not base Rosa Arevalo's removal on the alleged aggravated assault conviction, we do not consider it.

Rosa Arevalo timely petitioned for review of both orders. We have jurisdiction under 8 U.S.C. § 1252.

## II

When reviewing the Board's denial of a motion to reopen removal proceedings, we apply a "highly deferential abuse-of-discretion standard." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016) (quoting *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014)). We grant the petition if the Board's decision "is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.* (citation modified and omitted). We review the Board's denial of a motion for reconsideration under the same abuse-of-discretion standard. *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017).

## III

At issue here is whether the Board abused its discretion in concluding that Rosa Arevalo's nineteen-years-late motion to reopen was not subject to equitable tolling. We hold that the Board did not abuse its discretion.

Generally, a motion to reopen removal proceedings must "be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). But the deadline for filing a motion to reopen is subject to equitable tolling if the movant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lugo-Resendez*, 831 F.3d at 344 (citation omitted). "The first element requires the litigant to establish that he pursued his rights with reasonable diligence, not maximum feasible diligence," and "the second element requires the litigant to establish that an extraordinary circumstance beyond his control prevented him from complying with the applicable deadline." *Id.* (quotation cleaned up).

Rosa Arevalo urges us to begin our due diligence analysis in 2021 when Illinois passed the statute enabling him to seek vacatur of his conviction. Even if we look only to the two-year period occurring from 2021 until he sought relief in state court, he fails to show due diligence. He provides no evidence of the steps he took to pursue his legal rights for almost two years while the law was in effect. He "has not explained how []he learned of [the law], what efforts []he took to discover it, or why it took almost [two] years to do so." *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 305 n.4 (5th Cir. 2017) (describing facts relevant to assessing due diligence). And even if Rosa Arevalo acted diligently in discovering the Illinois law, we cannot say that he acted diligently in subsequently pursuing his rights by petitioning for vacatur. Rosa Arevalo alleges that he learned of his ability to challenge his conviction at an unspecified time "[i]n 2023" and petitioned the state court for vacatur in August 2023. Because the date a petitioner learns of a change in the law is "a question of crucial importance when determining timeliness," such general allegations cannot suffice. *Id.* at 305 (concluding petitioner failed to meet her burden by alleging she learned of a change in the law "recently"). And because up to eight months may have passed from the time Rosa Arevalo learned of the Illinois law to the time he sought relief in state court, we cannot, without more, say the Board abused its discretion in finding a lack of diligence.[2] *See Michael v. Barr*, 830 F. App'x 732, 735 (5th Cir. 2020)

---

[2] For this same reason, Rosa Arevalo's reliance on *Plata-Herrera*, 2019 WL 3776104 (BIA Apr. 30, 2019), is misplaced. There, the Board held that the respondent acted diligently in moving to reopen his removal proceedings because once he learned about the constitutional defect in the underlying conviction, he "promptly proceeded" to address it. *Id.* at *2. Even if we were to consider *Plata-Herrera*, it does not provide Rosa Arevalo the relief he seeks because he fails to show that he responded promptly by waiting up to eight months to seek relief in state court. *See Gonzalez-Cantu*, 866 F.3d at 305 (stating that the date a petitioner learns of a defect underlying his removal proceedings is crucial to determining the timeliness of reopening).

(holding that the Board did not abuse its discretion in finding lack of diligence in an eleven-month gap between attorney consultations).

Finally, Rosa Arevalo argues that his due diligence should be measured beginning with the vacatur of his conviction in December 2023. This argument is foreclosed. Even if we assume that Rosa Arevalo acted diligently once his conviction was vacated, he is "required to make an additional showing that []he acted with due diligence prior to discovering the issue." *Nyabwari v. Garland*, No. 21-60479, 2022 WL 7409252, at \*1 (5th Cir. Oct. 13, 2022) (citing *Gonzalez-Cantu*, 866 F.3d at 305 & n.4). Rosa Arevalo fails to present any evidence of the steps he took to preserve his rights from his removal in 2004 to 2023. *See Mejia v. Barr*, 952 F.3d 255, 259 (5th Cir. 2020) (holding that the Board was reasonable in concluding that an unexplained seven-year delay in moving to reopen evidenced a lack of due diligence).

Because the Board did not abuse its discretion in holding that Rosa Arevalo failed to diligently pursue his rights, we need not consider whether extraordinary circumstances prevented him from timely filing the motion. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Rosa Arevalo challenges the Board's denial of his motion for reconsideration on essentially the same grounds as he challenges the denial of his motion to reopen. For the reasons described above, he fails to show the Board abused its discretion in denying reconsideration.

\* \* \*

Accordingly, the petitions for review are DENIED.